JOHN A. VITULLO *vs.* ANNA AMBROSINO *et al.*
*d.b.a.* WEBSTER PLUMBING CO.

MAY 26, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This case is here on the single bill of exceptions of defendant Anna Ambrosino doing business as Webster Plumbing Co. to a decision of the superior court granting her motion to vacate the judgment, remove the default and reinstate the case for trial on condition that within one week she pay a counsel fee of $50 to the plaintiff's attorney.

It appears from the papers, the jacket entries and the transcript of the hearing in the superior court that the case in assumpsit was tried in the sixth judicial district court, where defendant was represented by counsel, and a decision was rendered for the plaintiff. An appeal therefrom was duly taken on behalf of the defendant to the superior court where a jury trial was expressly waived by stipulation. Thereafter, following several assignments on the miscellaneous calendar, the case was apparently reassigned in open court to December 12, 1949. At any rate such assignment was made and was agreed to by defendant's husband who at that time, with her consent and by the superior court's permission, was conducting all legal proceedings for defendant, since her former attorneys with permission of the court had withdrawn as of November 1, 1949.

Notwithstanding such knowledge and agreement neither defendant nor her husband appeared on December 12 but both deliberately absented themselves from court. In the circumstances the case was defaulted on motion of the plaintiff, who then and there made oral proof of claim and had damages assessed and a decision rendered in the sum of $310 and costs.

On December 16, 1949 defendant, through her husband, filed a motion to vacate such judgment, remove the default and reinstate the case for trial. The motion, apparently prepared by some attorney at law, alleged that defendant "has a good defense" and that the default resulted because she felt that no case could be tried unless she was personally notified in writing of its assignment. There was no affidavit of defense filed with the motion. The trial justice, after hearing both defendant and her husband testify, observed: "But you don't give any facts which warrant any conclusion of that kind. I don't think you are entitled to any more consideration." However, he granted defendant's motion "on condition that you pay the counsel fee of the plaintiff up to this date which I will assess at

$50. If within one week you pay $50 counsel fee to Mr. Bell, then I'll remove this default and reinstate your case. Otherwise the motion is denied."

When the case was in this court for assignment on defendant's bill of exceptions, we denied plaintiff's motion to dismiss based on jurisdictional grounds and assigned the case for hearing thereon to April 24. At such hearing defendant acted for herself and orally argued in support of her single exception that she did not feel she should be required to pay the counsel fee of the attorney for the other party. No affidavit or even allegation of facts to support the conclusion that she had "a good defense" to the action was filed with her motion. She admitted in substance that her husband at the time was acting as her attorney; that he had so acted in the case with permission of the superior court; and that he had knowledge of the assignment of the case to December 12 on the miscellaneous calendar to which he had assented.

The motion or petition to remove the default was addressed to the sound judicial discretion of the superior court and is reversible only if the determination constitutes an abuse thereof or is based on an error of law. *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.*, 44 R. I. 458; *Nelen* v. *Wells*, 45 R. I. 424. In the circumstances, without approving the action of the superior court in permitting the husband to act as plaintiff's attorney in the legal proceedings, we are of the opinion that the granting of the motion on condition that defendant pay plaintiff's counsel a fee of $50 was within its powers under the statute. We find no abuse of discretion and no error of law in the ruling of the superior court. For a similar condition upon removal of a default, see *Ktorides* v. *Kazamias*, 75 R. I. 465.

The defendant's exception is overruled, and the case is remitted to the superior court with direction that the condition as to payment of $50 counsel fee to plaintiff's attorney be fulfilled by defendant on or before June 2, 1950;

and that otherwise judgment for plaintiff may stand as previously entered on default.

*Joshua Bell,* for plaintiff.

*Anna Ambrosino, pro se,* for defendant.